RUSH MOTOR SALES, Inc., Plaintiff-Appellee, v. SHOOK, Defendant-Appellee, and WEST, d. b. a. JAY WEST SERVICE STATION, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5189. Decided February 2, 1952.

E. O. Gifford, Columbus, for plaintiff-appellee.
James W. Huffman, Columbus, for defendant-appellee, R. L. Shook.
David H. Thomas, Columbus, for defendant-appellant, Jay West.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the plaintiff and against the defendant, Jay West dba Jay West Service Station, for $171.30 with interest and costs.

Five errors are assigned all of which may be resolved upon determination as to the correctness of the special findings of fact made by the trial judge at the request of defendant-appellant.

Two of the assignments of error are especially directed to Nos. 6 and 10 of the separate findings of fact. No. 6 is,

"Dr. Shook was advised by the said Jay West to have the automobile repaired and to send him the bill."

No. 10 is,

"Jay West authorized said service manager to repair the automobile."

The findings of fact are concise, complete and in our opinion well supported by the testimony developed in the trial. Of course, this case like most lawsuits developed conflicts in testimony, although not as marked as in many cases. The trial judge had the right to resolve the disputes of fact. So doing, the findings are well supported and justify and require the judgment as entered.

The first five findings define the occurrences upon which the action of plaintiff was predicated and from them it is developed that Dr. Shook, being the owner of a new Nash automobile, took it to the service station of defendant-appellant to have the oil changed. An employee of the defendant drained the oil from the hydromatic transmission instead of the crank case and the defendant did not replace the drained oil but put oil in the crank case instead.

Trouble developed in the operation of the car even before it was removed from the place of business of defendant-appellant, and thereafter, probably on the next day, Saturday, it was removed to the garage of plaintiff and there remained until Monday when it was discovered that by reason of the operation of the hydromatic transmission without sufficient oil, the moving parts therein had been burned and scored making it necessary to replace practically all of its parts. For these parts and the service in replacing them the account which is sued upon accrued.

Appellant asserts that nowhere is there any testimony that West orally or in writing assumed the bill. Thus it is contended that there was no contract whatever wherein he agreed to pay, and if there were, it was not in writing and in contravention of the statute of frauds.

Let us examine as briefly as possible, some of the statements of the witnesses on the subject matter of the special findings Nos. 6 and 10. At page 3 of the record, Dr. Shook, testifying, said that on Monday afternoon succeeding the day when the oil was changed at defendant-appellant's station, having learned that the hydromatic had been burned out, called appellant at his office. This was the first of four or five conversations between these parties. The witness stated he (referring to defendant-appellant) said, "Send the bill out and I will straighten it out." At page 4 he stated that defendant-appellant said, "Send the bill out here and I will straighten it out," and "that was the exact words that he used." At page 37, on direct examination by counsel for Dr. Shook he testified to the foregoing statements for the third time. At page 9 of the record, the witness Leeper, assistant service manager of plaintiff's garage, was testifying. He had said that after determining what he had concluded had occurred to cause the stoppage of Dr. Shook's automobile, he called defendant-appellant, who said that it was Mr. West speaking, "and I (the witness) asked him if he would come up and look to see how much engine oil was in the crank case before we went ahead with any farther work on it," to which he answered, "Well, that is not necessary." And further, "then I said, well, do you want us to go ahead on it?" He said, "Yes, go ahead on the repair."

And at page 13, after testifying that he had told appellant that "the oil was in the car and I would like for you to come up and see it so everybody would be satisfied that there is extra oil in the crank case of the engine."

The witness again stated that succeeding this statement of the witness to appellant he said, "Go ahead."

On the challenge to the finding of fact in No. 10 all the testimony that we have heretofore quoted is pertinent and in addition that of Shirley Tobin, the bookkeeper, who says at page 22 of the record that the charge was made to defendant-appellant.

From the testimony the question for determination was what was meant by defendant in his directions heretofore quoted and what did the plaintiff have the right to believe that he meant. The natural and probable construction to be put upon the statements was that he was directing the plaintiff to make the charge to him, that it was an original and direct request, and that the charge was so made. It is true that the bookkeeper made her ledger entries from the order sheet upon which the notation "Bill to Jay West Service Station" was made, not by the assistant service manager, but by the service manager himself. What may have been said to the service manager did not appear as he did not testify, but from what is in the record he would have been justified in making the notation on the order sheet.

Considerable is said about the insurance which defendant carried indemnifying him for damages which he might be required to pay because of negligence of his employee. There is no doubt that he mentioned insurance in his conversations with Dr. Shook although the Doctor says that no such mention was made during the first conversation that he had with defendant and upon which he relied.

It is true that the obligation of the defendant here is based on contract but it was assumed because of the conclusion of defendant that he should pay this bill because it was caused by the negligence of his employee. In no event would the insurance company under its policy have been obligated to pay Dr. Shook directly nor unless and until it was established that the defendant was liable to Dr. Shook because of negligence.

It is urged that the original charge was made to Dr. Shook. The trial judge had the right to find that no repair work had been done on the hydromatic transmission prior to the time when the defendant authorized the plaintiff to extend the credit to defendant.

The action as instituted lends some support to the contention that the charge was made against Dr. Shook. However, a careful reading of the petition discloses that although both Dr. Shook and West are named in the petition as defendants the petition says that there is due it from the defendant (singular) upon an account, and the prayer is that the plaintiff may recover a judgment against the defendant. Without any attempt to make the petition more specific, both defendants answered by general denials and the cause went on for trial upon the issues factually drawn.

Upon the whole record we cannot find any assigned error well made. The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.